# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JEFFREY M. GOLD, M.D.,

    Plaintiff,

vs.

MICHIGAN KIDNEY CONSULTANTS,
P.C., et al.,

    Defendants.

Case No. 2:22-cv-10699-MFL-EAS

Hon. Matthew F. Leitman

## REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

{00119651.DOCX }

**TABLE OF CONTENTS**

Page

I.  INTRODUCTION AND ARGUMENT ...................................................... 1

   A. COUNT I SHOULD BE DISMISSED BECAUSE PLAINTIFF HAS FAILED TO ALLEGE THAT HE ENGAGED IN ACTIVITY TO STOP ANY FRAUD ON THE GOVERNMENT, AND THE ALLEGATIONS SHOW NO CAUSAL CONNECTION TO HIS TERMINATION. ................................................................................ 1

   B. PLAINTIFF'S SECTION 1981 RETALIATION CLAIM (COUNT VI) AND PLAINTIFF'S ELCRA (COUNT V) CLAIM FAIL DUE TO LACK OF ALLEGED PROTECTED ACTIVITY AND ANY CAUSAL CONNECTION TO PLAINTIFF'S TERMINATION. ........ 5

   C. THE MMFCA CLAIM (COUNT II) FAILS DUE TO LACK OF PROTECTED ACTIVITY. ............................................................... 5

   D. COUNT III FAILS BECAUSE PLAINTIFF WAS NOT AN AT-WILL EMPLOYEE. ............................................................................ 6

   E. COUNT IV FAILS BECAUSE PLAINTIFF HAS ALLEGED NO THEORY TO MAINTAIN A BREACH OF CONTRACT ACTION AGAINST NON-PARTIES TO THE CONTRACT. .......................... 6

II. CONCLUSION ............................................................................................ 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alliance Assocs. v. Alliance Shippers*,
   2006 Mich. App. LEXIS 1778 (Mich. Ct. App. June 1, 2006) ..........................7

*Att'y Gen. v. Ankersen*,
   148 Mich. App. 524, 557 (1986) ...................................................................7

*Bonewitz v. NewQuest, LLC*,
   2015 U.S. Dist. LEXIS 52750 (M.D. Tenn. Apr. 22, 2015) ..............................2

*El-Khalil v. Tedeschi*,
   2019 U.S. Dist. LEXIS 91260 (E.D. Mich. May 31, 2019) ...............................4

*Georgandellis v. Holzer Clinic, Inc.*,
   2009 U.S. Dist. LEXIS 473354 (S.D. Ohio June 5, 2009) ................................3

*Ickes v. Nexcare Health Sys., LLC*,
   178 F. Supp. 3d 578 (E.D. Mich. Mar. 31, 2016) .............................................3

*Jewel v. Chrysler, LLC*,
   2014 U.S. Dist. LEXIS 23192 (E.D. Mich. Feb. 25, 2014) ................................6

*Kean v. IT-Works, Inc.*,
   466 F. App'x 468 (6th Cir. 2012) ....................................................................5

*U.S. ex rel. Kent v. Aiello*,
   836 F. Supp. 720 (E.D. Cal. Nov. 1, 1993) ......................................................4

*U.S. ex. rel. Lockyer v. Hawaii Pac. Health*,
   490 F. Supp. 2d 1062 ...................................................................................2, 4

*U.S. ex rel. Marlar v. BWXT Y-12, LLC*,
   525 F.3d 439 (6th Cir. 2008) ...........................................................................2

*McKenzie v. BellSouth Telecomms., Inc.*,
   123 F.3d 935 (6th Cir. 1997) ...........................................................................2

*McKenzie v. BellSouth Telecomms., Inc.*,
   219 F.3d 508 (6th Cir. 2000) ...........................................................................2

*Mikhaeil v. Walgreens Inc.*,
    2015 U.S. Dist. LEXIS 21682 (E.D. Mich. Feb. 24, 2015) ............................. 3, 6

*Mojica v. UPS*,
    2011 U.S. Dist. LEXIS 56127 (E.D. Mich. May 25, 2011) ................................. 6

*Nguyen v. City of Cleveland*
    121 F. Supp. 2d 643 (N.D. Ohio Nov. 21, 2000) ................................................ 4

*Suchodolski v. Michigan Consol. Gas Co.*,
    412 Mich. 692 (1982) ......................................................................................... 6

*Tibor v. Mich. Orthopaedic Inst.*,
    72 F. Supp. 3d 750 (E.D. Mich. Dec. 5, 2014) ................................................... 3

**Statutes**

MCL § 333.20176a ..................................................................................................... 6

MCL § 400.610c(1) ..................................................................................................... 6

**I.     INTRODUCTION AND ARGUMENT**

Plaintiff's lengthy Response (ECF No. 30) fails to save the six deficient claims in the First Amended Complaint. Dismissal of the complaint is also proper even if this Court only dismisses Counts I and VI, because there will be no remaining claims over which this Court has original jurisdiction. Alternatively, all counts against the Doctor Defendants should be dismissed because Plaintiff's newly manufactured "de facto" employer theory has no basis in applicable law. Accordingly, for all of these reasons, and those specified below, Defendants' motion to dismiss should be granted pursuant to Rule 12(b)(6), and the case should be dismissed in its entirety.

**A.     Count I Should Be Dismissed Because Plaintiff Has Failed to Allege That He Engaged In Activity to Stop any Fraud on the Government, and the Allegations Show No Causal Connection to His Termination.**

Most of Plaintiff's Response involves misstatements of Plaintiff's own allegations and applicable law relating to Plaintiff's FCA retaliation claim. Plaintiff would have this Court believe that his alleged complaints to MKC, which he contends were somehow connected to his termination, consisted of "fraud" and "fraudulent billing," and put Defendants on notice of a supposed FCA violation/fraud on the government. However, upon review of Plaintiff's actual allegations, the only reports to MKC that Plaintiff can point to in the year prior to his termination involve MKC's alleged productivity model, MKC's alleged low

{00119651.DOCX }

1

standard of care, and MKC's treatment of certain of its patients and physicians. Plaintiffs point to no provisions of the FCA that would apply to these complaints.

As confirmed by the cases cited by Plaintiff, Plaintiff's failure to plead notice to defendants of an FCA violation is fatal to Plaintiff's FCA retaliation case. *See McKenzie v. BellSouth Telecomms., Inc.*, 219 F.3d 508, 516 (6th Cir. 2000) (plaintiff must sufficiently allege activity with a nexus to a *qui tam* action, or fraud against the United States government);[1] *Bonewitz v. NewQuest, LLC,* 2015 U.S. Dist. LEXIS 52750, at *17-18 (M.D. Tenn. Apr. 22, 2015) (plaintiff's allegations indicated he "*never* raised any concern (internally or externally) regarding the submission of actual false claims to the United States by [his employer] — the basic element of any viable FCA action"); *U.S. ex. rel. Lockyer v. Hawaii Pac. Health*, 490 F. Supp. 2d 1062, 1085 (D. Haw. Apr. 16, 2007) (plaintiff produced "no evidence that he ever voiced a concern to [his employer] that it was engaging in fraud upon the government").

Other cases cited by Plaintiff further demonstrate that in order to plead a claim for FCA retaliation, there must be detailed allegations of complaints of illegal fraudulent misrepresentation—either over-reporting or under-reporting—to the

---

[1] Plaintiff also haphazardly cites to *McKenzie v. BellSouth Telecomms., Inc.*, 123 F.3d 935 (6th Cir. 1997), but ignores *McKenzie*, 219 at 517, in which the Sixth Circuit held that the plaintiff's refusals to falsify repair records were "not sufficiently connected to exposing fraud or false claims against the federal government."

government. *See U.S. ex rel. Marlar v. BWXT Y-12, LLC,* 525 F.3d 439, 442-43 (6th Cir. 2008) (plaintiff complained to employer of intentional underreporting of occupational injuries to Department of Energy); *Ickes v. Nexcare Health Sys., LLC,* 178 F. Supp. 3d 578, 585 (E.D. Mich. Mar. 31, 2016) (plaintiff expressly complained about illegal fraudulent concealment of availability of patient beds by employer to accomplish Medicaid fraud); *Mikhaeil v. Walgreens Inc.,* 2015 U.S. Dist. LEXIS 21682, at *10, 21-22 (E.D. Mich. Feb. 24, 2015) (plaintiff expressly reported Medicare fraud in the form of double-billing to her supervisor); *Tibor v. Mich. Orthopaedic Inst.*, 72 F. Supp. 3d 750, 754 (E.D. Mich. Dec. 5, 2014) (plaintiff expressly objected that a contract was illegal due to violation of Stark Anti-Referral Law); *Georgandellis v. Holzer Clinic, Inc.,* 2009 U.S. Dist. LEXIS 473354, at *13 (S.D. Ohio June 5, 2009) (plaintiff expressly complained of Medicare fraud to employer one week before termination). Because Plaintiff's complaint lacks these allegations, Count I should be dismissed.

Plaintiff's FCA retaliation claim also fails because he cannot allege a causal connection between any supposed protected activity and his alleged termination in November 2021. The only alleged complaints within a year of his separation involve high-volume medicine or quality of patient treatment. (ECF No. 23, PageID #152-154, at ¶¶ 62-66). Plaintiff's Response improperly relies on the November 4, 2021 termination letter by making conclusory mischaracterizations of the Amended

Complaint's allegations. (ECF No. 30, PageID #266-67). Plaintiff fails to quote any actual language from the letter that would link Plaintiff's termination with complaints that could support an FCA retaliation claim. The Amended Complaint only alleges that the letter "stat[ed] that Dr. Gold is being fired for 'unprofessional conduct with your colleagues that adversely impacts cohesiveness… and brings disrepute to the group.'" (ECF No. 23, PageID #144, ¶ 26). Plaintiff's quotation *does not* show a causal nexus despite Plaintiff's conclusory assertions.  Count I should therefore be dismissed.

Additionally, the Doctor Defendants are not proper parties to an FCA retaliation claim. Plaintiff can point to no allegations of dominance or control supporting any "de facto" employment theory and no Sixth Circuit supporting law. Plaintiff's Response itself cites to case law citing courts' general refusal to read a "de facto" doctrine into the word "employer" used in § 3730(h). *See, e.g., Lockyer*, 490 F. Supp. 2d at 1086 (court was "reluctant to read a 'de facto' doctrine into the word 'employer' used in § 3730(h)"); *see also El-Khalil v. Tedeschi,* 2019 U.S. Dist. LEXIS 91260, at *6-7 (E.D. Mich. May 31, 2019) (FCA retaliation claim dismissed); *Nguyen v. City of Cleveland* 121 F. Supp. 2d 643, 648 (N.D. Ohio Nov. 21, 2000) (defendant who filed motion at issue *was* the plaintiff's employer); *U.S. ex rel. Kent v. Aiello,* 836 F. Supp. 720, 721-22 (E.D. Cal. Nov. 1, 1993) (question addressed was whether only a *current* employer could be sued under the FCA). As

such, the Doctor Defendants are not proper parties to Count I (or any claim improperly relying on alleged "de facto" employment"), and it should be dismissed.

**B.    Plaintiff's Section 1981 Retaliation Claim (Count VI) and Plaintiff's ELCRA (Count V) Claim Fail Due to Lack of Alleged Protected Activity and Any Causal Connection to Plaintiff's Termination.**

Plaintiff attempts to save his Section 1981 retaliation (Count VI) and ELCRA claim (Count V) by claiming that he has alleged his own reports of race discrimination to Defendants sufficiently close in time to his termination. Plaintiff is wrong. Plaintiff only alleges that months before his termination "[he said that he] believed" that a member of the support staff was "overlooked" for a promotion. (ECF No. 23, PageID #155-156, at ¶¶ 75, 77) and that "there was a serious geographical bias" to dialysis preference. (ECF No. 23, PageID #155, at ¶ 76). Plaintiff cannot point to actual allegations of complaints of race discrimination, let alone those close in time to his termination, necessitating dismissal. *See Kean v. IT-Works, Inc.*, 466 F. App'x 468, 471 (6th Cir. 2012) (two and half month gap between complaint and adverse employment action insufficient to show causation). Moreover, Plaintiff alleged no facts and pointed to no law to show that the Doctor Defendants are proper parties to these claims. Counts V and VI should be dismissed.

**C.    The MMFCA Claim (Count II) Fails Due to Lack of Protected Activity.**

Plaintiff's Response ignores that the MMFCA requires allegations of either: (1) the filing, assistance in, or participation in furtherance of a *qui tam* action; or (2)

cooperation or assistance with a governmental investigation. MCL § 400.610c(1). *See Mikhaeil,* 2015 U.S. Dist. LEXIS, at *30-31 (internal reports not protected activity as MMFCA omits "other efforts" language). Further, non-employer individuals are not proper MMFCA defendants despite Plaintiff's conclusory assertion without legal support. MCL § 400.610c(1). Count II should be dismissed.

**D.   Count III Fails Because Plaintiff Was Not An At-Will Employee.**

Plaintiff cites no case law to support the notion that a public policy wrongful discharge claim, which is a creation of common law to specifically serve as an exception to *at-will employment*, can be sustained against an employee who was not an at-will employee. *See Suchodolski v. Michigan Consol. Gas Co.,* 412 Mich. 692, 695 (1982). On the other hand, Defendants cited multiple cases demonstrating that an employee who is not at-will cannot assert such a claim which necessarily requires at-will employment. *Jewel v. Chrysler, LLC,* 2014 U.S. Dist. LEXIS 23192, at *13-14 (E.D. Mich. Feb. 25, 2014); *Mojica v. UPS,* 2011 U.S. Dist. LEXIS 56127, at *10 (E.D. Mich. May 25, 2011). Further, Plaintiff's suggestion that the Doctor Defendants can be a "health facility or agency" for the purposes of MCL § 333.20176a in Count III is without basis in law. Count III should be dismissed.

**E.   Count IV Fails Because Plaintiff Has Alleged No Theory to Maintain a Breach of Contract Action against Non-Parties to the Contract.**

Plaintiff continues his attempt to pursue a breach of contract claim against non-parties with no contractual obligations. Plaintiff cites *Att'y Gen. v. Ankersen* for

the proposition that "a corporate employee or official is personally liable for all tortious or criminal acts in which he participates." 148 Mich. App. 524, 557 (1986). Plaintiff disregards that a breach of contract action is neither tortious nor criminal in nature. Further, the only case that Plaintiff recklessly cites for the misguided notion that he can maintain a breach of contract action against non-parties involved a lawsuit by an LLC member against another member where *both members were contractual parties to the operating agreement*. *See Alliance Assocs. v. Alliance Shippers*, 2006 Mich. App. LEXIS 1778, at *5, 15 (Mich. Ct. App. June 1, 2006). Count IV should be dismissed against the Doctor Defendants.

## II. CONCLUSION

Defendants respectfully request that this Court grant Defendants' Motion and dismiss with prejudice Plaintiff's First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

| | |
|---|---|
| WOLFSON BOLTON PLLC<br>*Attorneys for Defendants* | BENESCH FRIEDLANDER COPLAN & ARONOFF LLP<br>*Attorneys for Defendants* |
| By: /s/ Anthony J. Kochis<br>Anthony J. Kochis (P72020)<br>3150 Livernois, Ste. 275<br>Troy, MI  48083<br>(248) 247-7105<br>akochis@wolfsonbolton.com | Margo Wolf O'Donnell<br>Jordan J. Call<br>71 South Wacker Drive, Ste. 1600<br>Chicago, IL 60606<br>P: (312) 212-4982, F: (312) 767-9192<br>modonnell@beneschlaw.com<br>jcall@beneschlaw.com |

DATED:  September 6, 2022